Bryan J. Vogel (*pro hac vice*)
BVogel@RobinsKaplan.com
Derrick J. Carman (*pro hac vice*)
DCarman@RobinsKaplan.com
Travis K. Waller (*pro hac vice*)
TWaller@RobinsKaplan.com
Nishi A. Tavernier (*pro hac vice*)
NTavernier@RobinsKaplan.com
**ROBINS KAPLAN LLP**
1325 Avenue of the Americas, Suite 2601
New York, NY 10019
Tel.: (212) 980-7400
Fax: (212) 980-7499

Li Zhu (Bar No. 302210)
LZhu@RobinsKaplan.com
**ROBINS KAPLAN LLP**
555 Twin Dolphin Drive, Suite 310
Redwood City, CA 94065
Tel.: (650) 784-4040
Fax: (650) 784-4041

*Attorneys for Plaintiff Railware, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| RAILWARE, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PENINSULA CORRIDOR JOINT POWERS BOARD d/b/a CALTRAIN,<br><br>　　　　Defendant. | Case No. 5:25-cv-05725-BLF<br><br>**RAILWARE'S OPPOSITION TO CALTRAIN'S MOTION TO STAY DISCOVERY PENDING CALTRAIN'S MOTION TO DISMISS**<br><br>Judge: Hon. Beth Labson Freeman<br>Date: February 19, 2026<br>Location: Courtroom 1 – 5th Floor |

**TABLE OF CONTENTS**

**Page(s)**

I. INTRODUCTION ........................................................................................................... 1

II. STATEMENT OF ISSUES ............................................................................................ 2

III. STATEMENT OF FACTS ............................................................................................. 2

IV. LEGAL STANDARD ..................................................................................................... 3

V. CALTRAIN CANNOT SATISFY ITS HEAVY BURDEN OF SHOWING "GOOD CAUSE" FOR A STAY OF DISCOVERY. ............................ 4

    A. Caltrain's Motion to Dismiss is Not Case Dispositive. ................................... 4

    B. Caltrain's Motion to Dismiss Cannot Be Resolved Without Discovery. ......................................................................................................... 9

    C. A Stay Would Not Promote Efficiency or Conserve Resources. .................. 10

VI. CONCLUSION ............................................................................................................. 10

I.      INTRODUCTION

Like Caltrain's Motion to Dismiss (ECF 31) ("MTD"), Caltrain's Motion to Stay (ECF 32) ("MTS") takes a scatter-shot approach, seeking to stay this case based on alleged deficiencies in Railware's direct infringement, willful infringement, and induced infringement claims. The Court has rejected Caltrain's attempt to stay discovery in this case once already. (ECF 39, 40, 41). As with that prior attempt, none of Caltrain's arguments in its Motion to Stay support a stay. The law is clear that Caltrain is not entitled to a stay of discovery based on its Motion to Dismiss. The Ninth Circuit imposes a heavy burden on Caltrain to demonstrate "good cause" to stay discovery. Specifically, Caltrain must demonstrate that its Motion to Dismiss (1) is case dispositive and (2) can be decided without discovery. Taking a "preliminary peek" at the merits of Caltrain's Motion to Dismiss, Caltrain's Motion to Stay does not satisfy this heavy burden.

*First*, as detailed in Railware's Opposition to Caltrain's Motion to Dismiss (filed contemporaneously herewith), Caltrain's Motion to Dismiss is without merit and, consequently, not case dispositive. Railware's 94-page Complaint provides "fair notice" to Caltrain of its infringement by, *inter alia*, identifying Caltrain's accused systems and methods at issue in the case, including Caltrain's "Rail Operations Control System" or "ROCS" in use at Caltrain's CEMOF, located at 585 Lenzen Avenue, San Jose, California. Caltrain does not assert that Railware's allegations are "utterly frivolous" or a "fishing expedition" to justify a stay. Nor could it. This alone is sufficient to deny Caltrain's Motion to Stay.

*Second*, Caltrain's Motion to Dismiss raises factual disputes that cannot be decided at the pleading stage and must be resolved through discovery. For example, Caltrain (incorrectly) asserts that "Railware . . . pleads cursory allegations" with regards to secret names, components and operations of Caltrain's accused systems and methods. As an initial matter, Railware's Complaint does not plead cursory allegations, but rather pleads detailed allegations regarding Caltrain's infringement of the Asserted Patents. However, to the extent Caltrain disputes the substance of Railware's allegations, these disputes are not proper to resolve at the pleading stage because such non-public details are only ascertainable through discovery. Thus, they are not a proper basis to dismiss Railware's claims. *See, e.g.*, MTD at 1, 6-7; *K-Tech Telecomms, Inc. v. Time Warner*

*Cable, Inc.*, 714 F.3d 1277, 1286 (Fed. Cir. 2013).

*Third*, even if successful on any arguments in Caltrain's Motion to Dismiss (which it should not be), any alleged deficiencies can be cured through amendment, negating the appropriateness of a stay.

*Finally*, Caltrain fails to make a particularized showing as to why discovery should be stayed. Nor does Caltrain identify any non-speculative costs or burdens beyond those of traditional litigation. These failures are fatal to Caltrain's Motion to Stay.

Accordingly, Caltrain's Motion to Stay should be denied.

## II. STATEMENT OF ISSUES

1. Whether Caltrain can satisfy its heavy burden of showing "good cause" for a stay.

## III. STATEMENT OF FACTS

On July 8, 2025, Railware filed its 94-page Complaint. Railware's Complaint accuses Caltrain of infringement of U.S. Pat. No. 9,517,782 and U.S. Reissue Pat. Nos. RE47,835 and RE49,115 (the "'115 patent") (collectively, the "Asserted Patents") by the implementation and use of its centralized train control ("CTC") systems, including Caltrain's "Rail Operations Control System" or "ROCS" in use at Caltrain's CEMOF, located at 585 Lenzen Avenue, San Jose, California. *See, e.g.*, Cmplt., ¶¶ 21-23, 58-59, 77, 96, 140-141, 162, 203-204, 230-231. Caltrain's original deadline to answer or otherwise respond to Railware's Complaint was August 14, 2025. At Caltrain's request, the parties agreed to extend the deadline to respond (multiple times) for a total of 55 days to October 8, 2025. (*See* ECF 17, 19, 20-23). The parties additionally agreed to move the deadlines for the Rule 26 Conference, for the parties to file the ADR Certification, and to make Initial Disclosures. (*See* ECF 20, 21).

On October 8, 2025, Caltrain filed its Motion to Dismiss. On the same day, Caltrain filed its Motion to Stay. (ECF 32). The Motion to Stay seeks to stay all discovery and continue the Initial Case Management Conference (which already occurred on November 20, 2025). *Id.* The hearing date for Caltrain's Motion to Dismiss and Motion to Stay is set for February 19, 2026. *See* MTD; MTS.

On October 16, 2025, Caltrain filed a Motion to Reset Deadlines Under Civil Local Rules

6-3 and 7-11, requesting, *inter alia*, to reset the Initial Case Management Conference until after the resolution of the Motion to Dismiss and to move the deadline for the parties' Rule 26 Conference and Rule 26(a)(1) initial disclosures, effectively seeking to stay all discovery. (*See* ECF 39). The Court denied that motion the same day. (*See* ECF 41).

The parties have since proceeded with discovery, pursuant to the parties' agreement and court orders. For example, on October 23, 2025, the parties held their Rule 26 Conference. Shortly thereafter, on October 23, 2025, Railware served its First Set of Interrogatories and Requests for Production. The next day, on October 24, 2025, Caltrain served its First Set of Interrogatories and Requests for Production. The parties are scheduled to provide their responses to this discovery on December 4, 2025. Further, on November 6, 2025, the parties exchanged Initial Disclosures.

## IV.  LEGAL STANDARD

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tavantzis v. Am. Airlines*, 2024 WL 812012, at *1 (N.D. Cal. Feb. 23, 2024); *Singh v. Google, Inc.*, No. 16 Civ. 3734-BLF, 2016 WL 10807598, at *1 (N.D. Cal. Nov. 4, 2016). "Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Tavantzis*, 2024 WL 812012, at *1 (citing *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)). "A party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Id.* (citing *Gray*, 133 F.R.D. at 40). Indeed, requests to stay discovery pending a motion to dismiss are "tantamount to a request for a protective order limiting discovery." *Celgard, LLC v. Shenzhen Senior Tech. Material Co. (US) Rsch. Inst.*, No. 19-CV-05784-JST, 2020 WL 7394456, at *1 (N.D. Cal. Aug. 4, 2020).

In the Ninth Circuit, discovery should only be stayed if: (1) a pending motion is potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed; and (2) the pending motion can be decided absent discovery. *Tavantzis*, 2024 WL 812012, at *1; *Singh*, 2016 WL 10807598 at *1; *EHang Inc. v. Wang*, No. 21 Civ. 02700-BLF, 2021 WL 3934325, at *2 (N.D. Cal. Aug. 20, 2021) (same). In applying this two-factor test, the court must

1 take a "preliminary peek" at the merits of the pending motion to assess whether a stay is warranted. *Tavantzis*, 2024 WL 812012, at *1.

Under the first factor, absent a showing that Railware's allegations are "utterly frivolous" or a "fishing expedition," Caltrain's conclusory assertions do not justify a stay. *See Gray*, 133 F.R.D. at 40; *Meta Platforms, Inc. v. Voyager Labs LTD.*, No. 23-CV-00154-AMO, 2023 WL 4828007, at *2 (N.D. Cal. July 26, 2023). Courts may only grant a stay of discovery when they are "convinced that the plaintiff will be unable to state a claim for relief." *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981). "[S]tay is inappropriate when there is only a possibility that defendant will succeed on its dispositive motion." *Allegiant Travel Co. v. R2 Sols. LLC*, No. 222CV00828CDSBNW, 2022 WL 7686760, at *2 (D. Nev. Oct. 13, 2022). "[T]here must be no question in the court's mind that the dispositive motion will prevail." *Id*.

Under the second factor, "[d]iscovery should be stayed only when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive." *Bockelmann v. Thermo Fisher Sci., Inc.*, No. 23CV2161-AGS (BLM), 2024 WL 4126064, at *3 (S.D. Cal. Sept. 9, 2024).

## V. CALTRAIN CANNOT SATISFY ITS HEAVY BURDEN OF SHOWING "GOOD CAUSE" FOR A STAY OF DISCOVERY.

### A. Caltrain's Motion to Dismiss is Not Case Dispositive.

Caltrain's sole basis for stay—that its Motion to Dismiss is case dispositive—is without merit. A "preliminary peek" at the merits of Caltrain's Motion to Dismiss reveals that it cannot meet its heavy burden to justify a stay.

As an initial matter, Caltrain concedes that there is a possibility that the Motion to Dismiss is not case dispositive. *See* MTS at 4 (admitting the possibility that "only certain Railware claims are dismissed"). Further, as explained in Railware's Opposition to Caltrain's Motion to Dismiss and below, Caltrain's Motion to Dismiss is without merit on all four grounds it asserts—direct infringement, willful infringement, induced infringement, and patent eligibility of the claims of the '115 patent—such that the likelihood of it being case dispositive is non-existent. Nonetheless, even if successful (which it should not be), any alleged deficiencies can be cured through

amendment, negating the appropriateness of a stay. *See Teva Pharms. USA, Inc. v. Corcept Therapeutics, Inc.*, No. 24-CV-03567-BLF, 2024 WL 4981090, at *2 (N.D. Cal. Dec. 4, 2024) (stay not warranted because insufficiency challenges would lead to leave to amend).

**Direct Infringement.** Caltrain does not assert that Railware's direct infringement allegations are "utterly frivolous" or a "fishing expedition" to justify a stay. *See Gray*, 133 F.R.D. at 40. Nor could Caltrain make such an assertion. This alone is sufficient to deny Caltrain's Motion to Stay. *Gray*, 133 F.R.D. at 40. Nevertheless, even considering Caltrain's arguments, they are fatally flawed for several reasons. Caltrain argues that Railware failed to articulate a plausible claim for direct infringement because: (1) Railware allegedly never shows which specific product allegedly infringes; (2) Railware allegedly fails to plausibly show a "code is not readily available to the dispatcher"; and (3) Railware allegedly fails to plausibly show a Caltrain product "generating a code." *See* MTD at 4-8. None of these arguments have merit.

*First*, Caltrain incorrectly inflates the plausibility standard required at the pleading stage. Railware "need not prove [its] case at the pleading stage." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1346 (Fed. Cir. 2021) (cited in Caltrain's Motion to Dismiss). Nor does the standard impose a probability requirement. *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018). The standard only requires that Railware's Complaint provide Caltrain with "fair notice" of Caltrain's infringement of the Asserted Patents. *See AlexSam, Inc. v. Aetna, Inc.*, 119 F.4th 27, 39 (Fed. Cir. 2024) (specific facts are not necessary to support every allegation).

*Second*, Railware's Complaint is sufficient to give Caltrain "fair notice" of Caltrain's infringement. Railware's Complaint alleges, *inter alia*, that Caltrain's implementation and use of its CTC systems, including Caltrain's "Rail Operations Control System" or "ROCS" (Caltrain's internal nomenclature) in use at Caltrain's CEMOF, located at 585 Lenzen Avenue, San Jose, California, which includes the "RailwayNet[SM] system with EEPS and/or EEPS-like functionality and/or the AIM system with EEPS and/or EEPS-like functionality or other same or similar systems or methods," infringes the Asserted Patents, s*ee, e.g.*, Cmplt., ¶¶ 21-23, 58-59, 77, 96, 140-141, 162, 203-204, 230-231, and supports these detailed allegations with screenshots and citations to public documents, including Caltrain presentations. *See, e.g.*, *id.* ¶¶ 59, 69-118, 132-

182, 196-276. This is sufficient to provide Caltrain "fair notice." *See AlexSam*, 119 F.4th at 45.

*Third*, Caltrain's arguments that Railware "never shows which specific product allegedly infringes," and that Railware allegedly identified an "expansive list of product types" are incorrect. *See* MTD at 4-8; MTS at 3-4. As explained above, Railware's Complaint identifies the exemplary ROCS system and includes detailed allegations, screenshots and public documents of Caltrain's accused systems and methods. *See, e.g.*, Cmplt. ¶¶ 59, 69-118, 132-182, 196-276 (and footnotes attached thereto). It provides element-by-element analyses for an exemplary claim in each of the Asserted Patents showing how Caltrain's accused systems and methods satisfy the exemplary claim. *Id.* This is sufficient to provide Caltrain "fair notice." *See, e.g.*, *UPF Innovations v. Intrinsic ID, Inc.*, No. 19-CV-02711-VC, 2019 WL 4729601, at *1 (N.D. Cal. 2019); *Entangled Media, LLC v. Dropbox Inc.*, 748 F. Supp. 3d 776, 782-783 (N.D. Cal. 2024).

*Fourth*, Railware's Complaint references to "same or similar systems or methods" or "EEPS-like functionality" are consistent with this "fair notice" and do not render the allegations "too expansive." *See, e.g.*, Cmplt. ¶¶ 22, 58-118, 136-185, 200-279. Railware's Complaint is "not required to identify all allegedly infringing products in [its] complaint and map those products to patent claims." *Kaisha v. Rorze Corp.*, 677 F. Supp. 3d 1079, 1084 (N.D. Cal. 2023) (collecting cases). Nor is Railware required to plead facts that are secret and only known by Caltrain and its vendors. *K-Tech Telecomms*, 714 F.3d at 1286; *see also McRO, Inc. v. Namco Bandai Games Am., Inc.*, 23 F. Supp. 3d 1113, 1121 (C.D. Cal. 2013).

*Fifth*, Caltrain's arguments that Railware has not specified how the code is "not readily available to the dispatcher" or how an identified component of Caltrain's accused systems and methods goes about "generating the code," fair no better. *See* MTD 6-8. Caltrain's arguments improperly seek to require Railware to prove its infringement claims at the pleading stage, but that is not the law. *AlexSam*, 19 F.4th at 35. Railware need not prove the secret names, components, or operations of Caltrain's accused systems and methods that are not ascertainable without discovery. *See K-Tech Telecomms.*, 714 F.3d at 1286; *McRO, Inc.*, 23 F. Supp. 3d at 1121. And any "code" used in Caltrain's accused systems and methods is secret and not publicly available, as are the names, components, and operations for how that "code" is generated. Any

disagreement that Caltrain has with the robust factual support that Railware has provided cannot serve as grounds to dismiss Railware's claims. *See, e.g.*, *David v. Kaulukukui*, 38 F.4th 792, 799 (9th Cir. 2022); *In re Animation Workers Antitrust Litig.*, 123 F. Supp. 3d 1175, 1208 (N.D. Cal. 2015); *Gerber v. Twitter, Inc.*, No. 4:23-CV-00186-KAW, 2024 WL 5173313, at *4 (N.D. Cal. Dec. 18, 2024).

Accordingly, Caltrain's arguments regarding direct infringement are not case dispositive.

**Willful Infringement.** Caltrain's arguments regarding willful infringement are similarly unavailing. Caltrain argues that Railware never pleads facts as to "how Caltrain allegedly had knowledge of infringement and engaged in 'egregious' conduct to warrant willfulness." *See* MTS at 4. Caltrain's arguments fail for several reasons.

*First*, willful infringement is not an issue that is appropriate for early dismissal. *See Firstface Co. v. Apple, Inc.*, No. 18-CV-02245-JD, 2019 WL 1102374, at *2 (N.D. Cal. Mar. 8, 2019). This alone is grounds to deny Caltrain's Motion to Dismiss regarding willful infringement.

*Second*, Caltrain misstates the willful infringement pleading standard. Railware only needs to plead that Caltrain "knew or should have known (1) of the patent, and (2) that it was infringing the patent." *VLSI Tech. LLC v. Intel Corp.*, 706 F. Supp. 3d 953, 991 (N.D. Cal. 2023). Railware need not plead "egregiousness." *See Core Optical Techs., LLC v. Juniper Networks Inc.*, 562 F. Supp. 3d 376, 381 (N.D. Cal. 2021); *see also SRI Int'l, Inc. v. Cisco Sys., Inc.*, 14 F.4th 1323, 1330 (Fed. Cir. 2021). Railware satisfies the willfulness pleading standard by, *inter alia*, alleging: (1) Railware sent a letter to Caltrain informing it of its infringement; (2) Caltrain discussed the same accused systems and methods at issue with SEPTA, whom Railware had sued for infringement in a prior suit; (3) Caltrain's operation of tracks alongside Amtrak, whom Railware had also sued for infringement; and (4) a myriad of public notices which would notify Caltrain of the existence of the Asserted Patents. *See, e.g.*, Cmplt. ¶¶ 49-57, 122-127, 186-191, 280-285. Similar allegations, alone, have been found sufficient to sustain claims of willful infringement at the pleading stage. *See e.g.*, *Core Optical*, 562 F. Supp. 3d at 381. Notably, Caltrain makes no assertion that Railware's allegations are "utterly frivolous" or a "fishing expedition." *See Gray*, 133 F.R.D. at 40.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
SILICON VALLEY

Accordingly, Caltrain's arguments regarding willful infringement are not case dispositive.

**Induced Infringement.** Similarly, Railware's Complaint sufficiently pleads induced infringement. Specifically, Railware's Complaint sufficiently alleges "direct infringement by some party," "that [Caltrain] knowingly induced infringement," and it did so with "specific intent." *See Entangled Media, LLC*, 748 F. Supp. 3d at 780. As to direct infringement "by some party," Caltrain argues that "Railware never pleads facts as to which user or developers Caltrain allegedly induces to infringe." *See* MTS at 4. But this is not true. Caltrain concedes that Railware's Complaint alleges, for example, that "Caltrain induces its users, and/or developers of the accused systems to infringe [the Asserted Patents]." *See* MTD at 9. More, Railware's Complaint alleges that Caltrain instructs its own dispatchers (who may or may not be Caltrain employees or contractors) to infringe. *E.g.*, Cmplt. ¶¶ 121, 185, 279. These allegations are sufficient at the pleading stage. *Garrett v. TP-Link Rsch. Am. Corp.*, No. 20-CV-03491-SI, 2020 WL 6873419, at *6-7 (N.D. Cal. Nov. 23, 2020); *Nat'l Instruments Corp. v. MathWorks, Inc.*, 113 F. App'x 895, 898 (Fed. Cir. 2004). Railware's Complaint also sufficiently pleads that Caltrain "knowingly induced infringement" with "specific intent," as explained above with regard to willful infringement. Caltrain makes no assertion that Railware's allegations are "utterly frivolous" or a "fishing expedition." *See Gray*, 133 F.R.D. at 40. Accordingly, Caltrain's arguments regarding induced infringement are not case dispositive.

**Patent Eligibility.** Notably, Caltrain does not argue that its patent-eligibility arguments regarding the claims of the '115 patent, one of three Asserted Patents, are case dispositive. *See* MTS at 3 (noting direct, indirect, and willful infringement but not patent eligibility). They are not. And it cannot make such arguments for the first time in its reply. *See Tigo Energy Inc. v. SunSpec All.*, 679 F. Supp. 3d 947, 958 (N.D. Cal. 2023). This alone is fatal to Caltrain's Motion to Stay. Nevertheless, to the extent these arguments are considered (they should not be), Caltrain's arguments are not case dispositive. As an initial matter, the same patent-eligibility arguments that Caltrain puts forward now were already found to be without merit. *See Railware, Inc. v. Nat'l R.R. Passenger Corp.*, No. 22 CIV. 5013 (KPF), 2023 WL 5432860, at *7 (S.D.N.Y. Aug. 23, 2023). Accordingly, Caltrain's arguments regarding patent-eligibility are not case dispositive.

\* \* \*

Caltrain fails to demonstrate that its Motion to Dismiss would be successful on all of the grounds necessary to render its Motion to Dismiss case dispositive. Caltrain does not assert that any of Railware's allegations are "utterly frivolous" or a "fishing expedition." Nor can it. Thus, Caltrain fails to satisfy its heavy burden of demonstrating "good cause" to justify a stay.

### B. Caltrain's Motion to Dismiss Cannot Be Resolved Without Discovery.

Caltrain's Motion to Dismiss raises factual disputes that cannot be resolved without discovery. For example, Caltrain raises disagreements with Railware's factual support regarding the nature and generation of the "code" used in Caltrain's accused systems and methods. *See supra* § V.A. These issues must be resolved through discovery—*e.g.*, through internal source code, user manuals, technical depositions, etc.—not at the pleading stage. *See K-Tech Telecomms,* 714 F.3d at 1286*; McRO, Inc.,* 23 F. Supp. 3d at 1121. More, the inherent factual underpinnings of willful infringement "counsel against" a stay. *Firstface*, 2019 WL 1102374, at \*2. At minimum, further discovery is warranted regarding Caltrain's knowledge of the Asserted Patents and of its infringement thereof. *See* Fed. R. Evid. 401 (evidence is relevant if it has a tendency to make a fact more or less probable). Further, patent eligibility "is a question of law" with "underlying questions of fact." *Kaisha v. Rorze Corp.*, 782 F. Supp. 3d 836, 850 (N.D. Cal. May 12, 2025). Patent eligibility can only be determined on the pleadings "when there are no factual allegations that, when taken as true, prevent resolving the eligibility question as a matter of law." *Id.* Step two of the *Alice* inquiry, for example, cannot be answered on a motion to dismiss where, as here, the parties dispute whether certain claim elements are conventional, routine, and well-understood. *See Kaisha*, 782 F. Supp. 3d at 853; *see also Microsoft Corp. v. i4i Ltd. P'ship.*, 564 U.S. 91, 95 (2011).

Caltrain's cited cases are inapposite. None of the cases Caltrain cites seek a stay of discovery based on a motion to dismiss patent infringement claims. *See Reveal Chat Holdco, LLC v. Facebook, Inc.*, No. 20-cv-00363-BLF, 2020 WL 2843369 (N.D. Cal. Apr. 10, 2020) (antitrust litigation); *Micron Tech., Inc. v. United Microelectronics Corp.*, No. 17-cv-06932-JSW, 2018 WL 7288018 (N.D. Cal. Mar. 16, 2018) (trade secret litigation); *Hamilton v. Rhoads*, No. C 11-

0227 RMW (PR), 2011 WL 5085504 (N.D. Cal. Oct. 25, 2011) (prisoner rights litigation); *Leonard v. CVS Pharmacy*, Inc., No. 5:24-CV-06280-EJD, 2025 WL 1266929 (N.D. Cal. May 1, 2025) (consumer products litigation). More, the defendants in each of Caltrain's cited cases sought to dismiss claims on administrative, jurisdictional, or procedural grounds rather than the substance of the pleadings.

Caltrain fails to demonstrate that its Motion to Dismiss can be resolved without discovery and, thus, fails to meet its heavy burden of demonstrating "good cause" to justify a stay. Additionally, Caltrain concedes that discovery is required to resolve factual disputes and, therefore, discovery should proceed. Consistent with this, on October 24, 2025, Caltrain served its own discovery requests on Railware.

### C. A Stay Would Not Promote Efficiency or Conserve Resources.

Caltrain's statements that "discovery costs associated with patent litigation are substantial" and that it "anticipates that Railware's discovery requests will be costly, expansive, and unduly burdensome" are conclusory, speculative, and simply the costs/burdens of traditional litigation. *See* MTS at 4. Caltrain must make "a clear showing of hardship or inequity" to justify a stay. *In re Valence Technology Securities Litigation*, No. C 94-1542-SC, 1994 WL 758688, at *2 (N.D. Cal. 1994). Caltrain has not and cannot satisfy this heavy burden. And Caltrain cannot make any new arguments for the first time in its reply. *See Tigo Energy Inc.*, 679 F. Supp. 3d at 958. In fact, Caltrain's proposed stay would prejudice Railware and contravene the purpose of the Federal Rules—to "secure the just, speedy, and inexpensive determination of [this] action." *See also Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, No. 5:16-CV-06370-EJD, 2018 WL 1569811, at *2 (N.D. Cal. Feb. 16, 2018). Any potential inefficiency, to the extent there is any, is outweighed by Railware's ongoing and future harm. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005).

### VI. CONCLUSION

For the foregoing reasons, Railware respectfully requests that the Court deny Caltrain's Motion to Stay.

| | | |
|---|---|---|
| Dated: December 3, 2025 | | **ROBINS KAPLAN LLP** |
| | By: | */s/ Bryan J. Vogel* |

Bryan J. Vogel (*pro hac vice*)
BVogel@RobinsKaplan.com
Derrick J. Carman (*pro hac vice*)
DCarman@RobinsKaplan.com
Travis K. Waller (*pro hac vice*)
TWaller@RobinsKaplan.com
Nishi A. Tavernier (*pro hac vice*)
NTavernier@RobinsKaplan.com
**ROBINS KAPLAN LLP**
1325 Avenue of the Americas, Suite 2601
New York, NY 10019
Tel.: (212) 980-7400
Fax: (212) 980-7499

Li Zhu (Bar No. 302210)
LZhu@RobinsKaplan.com
**ROBINS KAPLAN LLP**
555 Twin Dolphin Drive, Suite 310
Redwood City, CA 94065
Tel.: (650) 784-4040
Fax: (650) 784-4041

*Attorneys for Plaintiff Railware, Inc.*