# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| RAILWARE, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>PENINSULA CORRIDOR JOINT POWERS BOARD,<br><br>        Defendant. | Case No. 5:25-cv-05725-BLF<br><br>**ORDER DENYING MOTION TO STAY DISCOVERY**<br><br>[Re: ECF No. 32] |

Before the Court is Defendant Peninsula Corridor Joint Powers Board's ("Caltrain's") motion to stay discovery pending its motion to dismiss. ECF No. 32 ("Mot."); ECF No. 65 ("Reply"). Plaintiff Railware, Inc. ("Railware") opposes the motion. ECF No. 54 ("Opp."). The Court finds the matter suitable for decision without oral argument and VACATES the hearing set for February 19, 2026. *See* Civ. L.R. 7-1(b).

For the reasons below, the motion is DENIED.

## I. BACKGROUND

Railware filed a complaint against Caltrain for infringement of U.S. Patent Nos. 9,517,782 ("'782 patent"), RE47,835 ("RE'835 patent"), and RE49,115 ("RE'115 patent") on July 8, 2025. ECF No. 1 ("Compl."). Caltrain moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on October 8, 2025. ECF No. 31. Caltrain concurrently moved for a stay of discovery pending resolution of its motion to dismiss, asserting that its dismissal motion is dispositive and may be decided without discovery. Mot. at 3.

## II. LEGAL STANDARD

District courts have "wide discretion in controlling discovery," *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), and that discretion extends to staying discovery upon a

showing of "good cause," *see* Fed. R. Civ. P. 26(c)(1)(A).  District courts in California apply a two-pronged test to determine whether discovery should be stayed pending resolution of a dispositive motion.  *See Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 220 F.R.D. 349, 351–52 (N.D. Cal. 2003).  "First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Id.* at 352 (citation omitted).  "Second, the court must determine whether the pending dispositive motion can be decided absent additional discovery." *Id.* (citation omitted).  "If the Court answers these two questions in the affirmative, a protective order may issue." *Id.*

"In applying this two-factor test, the court must take a 'preliminary peek' at the merits of the pending motion to assess whether a stay is warranted." *Ledwidge v. Fed. Deposit Ins. Corp.*, No. 24-cv-08352-BLF, 2025 WL 1370484, at *1 (N.D. Cal. May 12, 2025).  "Common situations in which a court may determine that staying discovery pending a ruling on a dispositive motion occur when dispositive motions raise issues of jurisdiction, venue, or immunity." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011) (citation omitted).

### III. DISCUSSION

Caltrain argues that its motion to dismiss is dispositive in this case because "Railware fails to show how a single product—as opposed to the numerous and unknown products accused—infringes each claim limitation of the" asserted claims.  Mot. at 3.  Railware responds that Caltrain fails to assert that the complaint is "utterly frivolous or a fishing expedition to justify a stay."  Opp. at 5 (internal quotation marks omitted) (citing *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)).  The Court agrees with Railware that Caltrain has not met its heavy burden of making a strong showing that a stay is warranted because amendment is unlikely to be futile and resolution of its unpatentability defense in its favor would still not dispose of all issues in this case.

Although the Court need not decide whether Caltrain will ultimately prevail on the motion, it must still take a "preliminary peek" at the merits to assess whether a stay is warranted.  *See Tradebay*, 278 F.R.D. at 602.  Having taken a preliminary peak, the Court finds contested issues that prevent it from ruling at this time, before the motion is heard, that it is potentially dispositive

of the entire case. *Tavantzis v. Am. Airlines, Inc.*, No. 23-cv-05607-BLF, 2024 WL 812012, at *1 (N.D. Cal. Feb. 23, 2024). This is especially the case because Caltrain's motion to dismiss—which rests primarily on its argument that the complaint fails to meet the plausibility standard—is susceptible to a finding that amendment would not be futile. Caltrain's other primary argument for dismissal—that the '115 patent is subject-matter ineligible—would not require dismissal of all Railware's claims.

Having concluded that Caltrain's motion to dismiss is not likely to be dispositive, the Court need not consider whether it could be decided absent discovery. *See Litton v. Roblox Corp.*, No. 25-cv-03088-AMO, 2025 WL 2373343, at *1 (N.D. Cal. Aug. 14, 2025).

## IV.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the motion to stay discovery pending resolution of Caltrain's motion to dismiss is DENIED.

Dated:  January 14, 2026

_____
BETH LABSON FREEMAN
United States District Judge

3