United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

RAILWARE, INC.,

Plaintiff,

v.

PENINSULA CORRIDOR JOINT POWERS BOARD,

Defendant.

Case No. 5:25-cv-05725-BLF

**ORDER GRANTING ADMINISTRATIVE SEALING MOTIONS**

[Re: ECF Nos. 133, 134, 135]

Before the Court are two sealing motions and one administrative motion to consider whether another party's materials should be sealed. *See* ECF Nos. 133 (Railware's administrative motion to consider sealing), 134 (Railware's sealing motion), 135 (Caltrain's sealing motion). The two sealing motions are unopposed, and Caltrain has filed a supporting declaration in support of sealing with respect to Railware's administrative motions to consider sealing. *See* ECF No. 139. The motions concern whether to seal portions of the briefing in connection with Railware's reply in support of its motion for leave to amend infringement contentions and Caltrain's reply in support of its motion to dismiss.

The motions are GRANTED.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto.*

United States District Court
Northern District of California

*Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *see also Kamakana*, 447 F.3d at 1178–79.

In addition to making particularized showings of compelling reasons for sealing, parties moving to seal documents must comply with the local civil rules, which provide that a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b). Civil Local Rule 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed" and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(b), (d). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration . . . establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

The portions identified in the sealing motions are narrowly tailored to protect confidential information that, if publicly disclosed, may cause competitive harm and for which compelling reasons to seal have been established.

The sealable information in Railware's exhibits to Railware's Reply In Support of its Motion for Leave to Amend Infringement Contentions includes confidential license agreements and licensing practices, including customers, sales data, payment terms, and prior litigation settlement information. Courts in the Ninth Circuit regularly seal information related to confidential license and settlement agreements. *See, e.g.*, *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (nonprecedential); *Lenovo (United States) Inc. v. IPCom GmbH & Co., KG*, No. 19-cv-01389-EJD, 2022 WL 2313948, at *2 (N.D. Cal. June 28, 2022) (explaining that disclosure of pricing and payment terms in licensing negotiation documents may harm competitive

standing). These exhibits also contain references to proprietary technical information that if disclosed could cause competitive harm. *See DSS Tech. Mgmt., Inc. v. Apple, Inc.*, No. 14-cv-05330- HSG, 2020 WL 789549, at *2 (N.D. Cal. Feb. 18, 2020) (sealing "information regarding the identity and operations of third party supplied components in [the party's] products").

The sealable information in Caltrain's Reply in Support of its Motion to Dismiss contains similar sealable information, including technical documentation of the internal implementation, use, and functionality of certain components and systems. *See, e.g.*, *Laatz v. Zazzle, Inc.*, No. 22-cv-04844-BLF, 2024 WL 4493441, at *1 (N.D. Cal. Sept. 25, 2024) (finding compelling reasons to seal source code related to business operations); *VLSI Tech. LLC v. Intel Corp.*, No. 17-cv-05671-BLF, 2024 WL 1548481, at *4 (N.D. Cal. Apr. 8, 2024) (finding compelling reasons to seal "information regarding its past and current intellectual property licensing and monetization objectives, strategies, practices, capabilities, and efforts"); *City of Birmingham Relief & Ret. Sys. v. Hastings*, No. 18-cv-02107-BLF, 2019 WL 3815720, at *1 (N.D. Cal. Mar. 4, 2019) (explaining that information disclosing "internal operating procedures" may be sealed).

## III. ORDER

The sealing motions are accordingly GRANTED. The Court finds compelling reasons to seal the materials as indicated in the tables below:

| ECF No. | Document & Portions to Seal | Granted/Denied |
|---|---|---|
| 133-2 | Railware's Reply In Support of its Motion for Leave to Amend its Infringement Contentions:<br><br>Highlighted portions at 5, 14. | GRANTED. The identified portions contain confidential information relating to confidential license and settlement agreements, licensing practices, and other confidential business dealings. Public disclosure of this information would cause harm to the Parties. |

| | | |
|---|---|---|
| 133-3 | Supplemental Declaration in Support of Railware's Reply In Support of its Motion for Leave to Amend its Infringement Contentions:<br><br>Highlighted portions at 5–7. | GRANTED. The exhibit contains confidential information relating to confidential license and settlement agreements, licensing practices, and other confidential business dealings. Public disclosure of this information would cause harm to the Parties. |
| 133-4 | Exhibit S to Railware's Reply In Support of its Motion for Leave to Amend its Infringement Contentions:<br><br>Sealed in entirety. | GRANTED. The identified portions contain confidential information relating to confidential license and settlement agreements, licensing practices, and other confidential business dealings. Public disclosure of this information would cause harm to the Parties. |
| 133-5 | Exhibit T to Railware's Reply In Support of its Motion for Leave to Amend its Infringement Contentions:<br><br>Sealed in entirety. | GRANTED. The exhibit contains confidential information relating to confidential license and settlement agreements, licensing practices, and other confidential business dealings. Public disclosure of this information would cause harm to the Parties. |
| 133-6 | Exhibit U to Railware's Reply In Support of its Motion for Leave to Amend its Infringement Contentions:<br><br>Sealed in entirety. | GRANTED. The identified portions contain confidential information relating to confidential license and settlement agreements, licensing practices, and other confidential business dealings. Public disclosure of this information would cause harm to the Parties. |
| 133-7 | Exhibit V to Railware's Reply In Support of its Motion for Leave to Amend its Infringement Contentions:<br><br>Sealed in entirety. | GRANTED. The exhibit contains confidential information relating to confidential license and settlement agreements, licensing practices, and other confidential business dealings. Public disclosure of this information would cause harm to the Parties. |
| 133-8 | Exhibit W to Railware's Reply In Support of its Motion for Leave to Amend its Infringement Contentions:<br><br>Sealed in entirety. | GRANTED. The identified portions contain confidential information relating to confidential license and settlement agreements, licensing practices, and other confidential business dealings. Public disclosure of this information would cause harm to the Parties. |

United States District Court
Northern District of California

| | | |
|---|---|---|
| 133-9 | Exhibit X to Railware's Reply In Support of its Motion for Leave to Amend its Infringement Contentions:<br><br>Sealed in entirety. | GRANTED. The exhibit contains confidential information relating to confidential license and settlement agreements, licensing practices, and other confidential business dealings. Public disclosure of this information would cause harm to the Parties. |
| 133-10 | Exhibit Y to Railware's Reply In Support of its Motion for Leave to Amend its Infringement Contentions:<br><br>Sealed in entirety. | GRANTED. The identified portions contain confidential information relating to confidential license and settlement agreements, licensing practices, and other confidential business dealings. Public disclosure of this information would cause harm to the Parties. |
| 133-11/134-3 | Exhibit Z to Railware's Reply In Support of its Motion for Leave to Amend its Infringement Contentions:<br><br>Highlighted portions at 8–12, 15, 17, 19–42, 54–73, 75–77, 83–86. | GRANTED. The exhibit contains confidential information relating to confidential license and settlement agreements, licensing practices, and other confidential business dealings. Public disclosure of this information would cause harm to the Parties. |
| 133-12/134-4 | Exhibit AA to Railware's Reply In Support of its Motion for Leave to Amend its Infringement Contentions:<br><br>Highlighted portions at 9–12, 15, 18, 20–42, 44–48, 55–74, 76–78, 84–88. | GRANTED. The exhibit contains confidential information relating to confidential license and settlement agreements, licensing practices, and other confidential business dealings. Public disclosure of this information would cause harm to the Parties. |
| 135-2 | Caltrain's Reply In Support of its Motion for Leave to Amend its Infringement Contentions:<br><br>Highlighted portions at 1–7, 9–10. | GRANTED. The exhibit contains confidential information relating to confidential license and settlement agreements, licensing practices, and other confidential business dealings. Public disclosure of this information would cause harm to the Parties. |

**IT IS SO ORDERED.**

Dated: July 28, 2026

BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California