United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

RAILWARE, INC.,

Plaintiff,

v.

PENINSULA CORRIDOR JOINT POWERS BOARD,

Defendant.

Case No. 25-cv-05725-BLF

**ORDER GRANTING MOTIONS TO SEAL**

[Re: ECF Nos. 156, 157]

Railware (1) moves to seal its own purported confidential information, as highlighted in yellow at pages 10–12, 14–15 of Exhibit D, *see* ECF No. 156 at 2; and (2) moves for the Court to consider whether to seal Caltrain's purported confidential information, as highlighted in green at pages 11–12 of Exhibit D, *see* ECF No. 157 at 2. Exhibit D is Railware's expert's report. For the following reasons, the Court GRANTS both motions to seal.

The first question is what standard governs. Motions that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Else the party seeking sealing need only show "good cause." *Id.* at 1097.

There is an intra-district split on whether the "compelling reasons" standard governs requests to seal claim construction materials. *Compare Symantec Corp. v. Acronis, Inc.*, 2013 WL 5913756, at *2 (N.D. Cal. Oct. 31, 2013) (applying good cause standard) *with Applied Materials, Inc. v. Demaray LLC*, 2023 WL 4409106, at *1 (N.D. Cal. July 7, 2023) (applying compelling reasons standard and documenting intra-district split).

In the Court's view, claim construction materials are "more than tangentially related to the merits of a case." *Chrysler*, 809 F.3d at 1101–02. Indeed, claim construction is often outcome determinative. *See PPC Broadband, Inc. v. Corning Optical Commc'ns RF, LLC*, 815 F.3d 734, 741 (Fed. Cir. 2016) ("This case hinges on the claim construction standard applied—a scenario likely to arise with frequency."); *In re Biosearch Techs., Inc.*, 452 F. App'x 986, 988 (Fed. Cir. 2011) (characterizing "claim construction proceedings" as "critical to the outcome of the infringement determinations"). So the "compelling reasons" standard governs. Under this standard, the movant bears the burden of overcoming the presumption of public access with "compelling reasons." *Chrysler*, 809 F.3d at 1099.

The Court begins with Railware's motion to seal its own purportedly confidential materials. ECF No. 156. The Court has reviewed the proposed redactions and is satisfied that there are compelling reasons for sealing. Specifically, the information Railware seeks to seal relates to the design and functionality of Railware's proprietary system. *See* ECF No. 156 at 3–4. Railware has carried its burden of showing that competitive harm may ensue should this information be publicly disclosed. *See Jam Cellars, Inc. v. Wine Grp. LLC*, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for sealing "confidential business and proprietary information"). The proposed redactions are also narrowly tailored, constituting only a small fraction of the expert report. Accordingly, the motion to seal at ECF No. 156 is GRANTED.

The Court proceeds to consider whether Caltrain's purportedly confidential materials should be sealed. ECF No. 157.

To start, the Court admonishes Caltrain for failing to comply with the local rules. When a party moves for the Court to consider whether another party's (i.e., the "Designating Party") material should be sealed, the Designating Party "***must*** file a statement and/or declaration" "[w]ithin 7 days." Civ. L.R. 79-5(f)(3) (emphasis added). The statement and/or declaration "must include . . . a specific statement of the applicable legal standard and the reasons for keeping a document under seal . . . ." Civ. L.R. 79-5(c) (emphasis removed). "A failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice to the Designating Party." Civ. L.R. 79-5(f)(3). To date, Caltrain has not filed such a statement and/or declaration, much less

filed one within the 7-day deadline. Caltrain is directed to review and comply with the local rules for future filings.

Nevertheless, the Court has reviewed the proposed redactions of Caltrain's purportedly confidential information and finds "compelling reasons" to seal them. The proposed redactions are excerpts of a user manual for Caltrain's system. *See* 156-3 ¶¶ 29, 33. The redactions include screenshots of the system's user interface. The Court finds that competitive harm may ensue should this information be publicly disclosed. *See Jam Cellars*, 2020 WL 5576346, at *2. The proposed redactions are narrowly tailored, constituting only two screenshots in an expert report. Accordingly, the motion to seal at ECF No. 157 is GRANTED.

**IT IS SO ORDERED.**

Dated: November 6, 2026

BETH LABSON FREEMAN
United States District Judge