United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| RAILWARE, INC.,<br>Plaintiff,<br>v.<br>PENINSULA CORRIDOR JOINT POWERS BOARD,<br>Defendant. | Case No. 25-cv-05725-BLF<br><br>**ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE**<br><br>[Re: ECF No. 211] |

Railware moved for leave to amend its infringement contentions. ECF No. 101. Magistrate Judge Cousins denied the motion. ECF No. 154 ("Order"). Railware now moves for relief therefrom. ECF Nos. 211 ("Mot."), 218 ("Opp."). The Court set a briefing schedule under L.R. 72-2(d). ECF No. 212. For the following reasons, the motion for relief is DENIED.

A district court may reconsider a magistrate judge's non-dispositive order under Fed. R. Civ. P. 72(a) "only if it is 'clearly erroneous or contrary to law.'" *CPC Pat. Techs. PTY Ltd. v. Apple, Inc.*, 34 F.4th 801, 804 (9th Cir. 2022) (quoting 28 U.S.C. § 636(b)(1)(A)). "This standard is not easily satisfied because it affords the magistrate judge significant deference." *Brown v. Google, LLC*, 2022 WL 2289059, at *1 (N.D. Cal. Apr. 4, 2022) (citing *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001)). "[T]he reviewing court may not simply substitute its judgment for that of the deciding court." *Brown*, 2022 WL 2289059, at *1 (citing *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991)).

Railware argues that Judge Cousin's order is contrary to law and clearly erroneous because (1) the order did not apply a diligence standard but instead asked whether Railware's requests were specific enough, Mot. at 3–4; (2) Railware was diligent because it sought leave to amend its

infringement contentions shortly after Caltrain produced documents and responded to a noninfringement interrogatory, Mot. at 4–5; and (3) even if Railware was not diligent, the Court did not exercise it discretion to grant leave to amend on the ground that there was no prejudice to Caltrain, Mot. at 5.

Caltrain argues that (1) Railware's failure to identify what amendments it wished to make and describe the contours of the newly uncovered evidence is precisely what the diligence inquiry asks, Opp. at 2–3; (2) the diligence finding was proper and Caltrain produced numerous documents before Railware served its initial contentions, Opp. at 3; and (3) the Court had no obligation to reach prejudice where it decided the motion to amend on diligence grounds, Opp. at 3–4.

The Court finds that the order denying leave to amend was neither contrary to law nor clearly erroneous for three reasons.

***First***, the local rules provide that the movant must show "good cause" through, for instance, "[r]ecent discovery of nonpublic information . . . which was not discovered, despite diligent efforts, before the service of the" initial contentions. Pat. L.R. 3-6. On the plain text of the rule, diligence is to be assessed with respect to the "discovery of nonpublic information." Diligence does not exist, as Railware appears to suggest, in a vacuum. In other words, whether a party has acted "diligently" depends largely on the scope of the amendments sought and the contours of the purportedly newly discovered nonpublic information. Hence, the Court's finding that Railware failed to show diligence on grounds of insufficient particularity is not contrary to law or clearly erroneous.

***Second***, the "[c]hronology" of the case changes nothing. Mot. at 4. Again, timing is not the only relevant factor. Even if Railware sought leave to amend its infringement contentions a mere day after receiving purportedly new evidence, its failure to specify what that new evidence ***was***, ***why*** that new evidence justified amendment, and what those amendments would be, still renders the request dilatory.

Nor was the Court obligated to assess prejudice. Railware acknowledges that courts have the "***discretion*** to grant leave to amend . . . so long as there is no prejudice." Mot. at 5 (citing *Wisk Aero LLC v. Archer Aviation Inc.*, 2022 WL 5007912, at *2 (N.D. Cal. Oct. 4, 2022) (emphasis added)). The Court did not act contrary to law or clearly erroneously in exercising that discretion.

For the foregoing reasons, Judge Cousin's order was neither contrary to law nor clearly erroneous. Railware's motion for relief is DENIED.

**IT IS SO ORDERED.**

Dated: November 23, 2026

BETH LABSON FREEMAN
United States District Judge